UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROL BELYEA, BRUCE BELYEA, LUCILLE BOTELHO, WAYNE BOTELHO, and CHARDON MAHAN on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LITTON LOAN SERVICING, LLP,<br><br>Defendant. | Civil Action No. 10-10931-GAO<br><br><br><br>LEAVE TO FILE GRANTED ON:<br>DECEMBER 29, 2010 |

**LITTON LOAN SERVICING LP'S RESPONSE TO
PLAINTIFFS' SUBMISSION OF SUPPLEMENTAL AUTHORITY**

Defendant Litton Loan Servicing LP ("Litton") respectfully submits the following Response to Plaintiffs' Declaration of Kevin Costello for Purposes of Submitting Supplemental Authority in Opposition to Motion to Dismiss. For the reasons set forth below, the opinion of Judge Stearns in Durmic v. JP Morgan Chase Bank, N.A., 1:10-cv-10380-RGS, Memorandum and Order on Defendant's Motion to Dismiss and Plaintiff's Motion for a Preliminary Injunction (Nov. 24, 2010), does not control the disposition of Litton's Motion to Dismiss in the present matter, lacks persuasive analysis and is incorrect as a matter of law. The Court, therefore, should not rely on the Durmic opinion in evaluating Litton's present motion to dismiss.

First, and most importantly, the Durmic opinion does not sufficiently address Litton's primary argument – that is, that Plaintiffs do not have a private right of action to enforce the Home Affordable Modification Program ("HAMP") or the U.S. Treasury Guidelines implementing HAMP against Litton and that they cannot avoid this bar by pleading their claims as state law claims. Indeed, there is ample case law supporting Litton's position. See Litton's Memorandum in Support of its Motion to Dismiss at 9-13 (Docket No. 17); Litton's Proposed

Reply Memorandum in Support of its Motion to Dismiss at 1-4 (Docket No. 21-1).  The Court in <u>Durmic</u>, however, expressly avoids addressing this issue of law and, without explanation, defers consideration of the issue until summary judgment.  See <u>Durmic</u>, at 5, n.9.  Whether or not plaintiffs may enforce HAMP and the HAMP Guidelines through the guise of Massachusetts state law claims is an issue of law that is appropriate for consideration on a motion to dismiss.  As such, the <u>Durmic</u> decision is of no persuasive value on this issue.  The Court here should follow the ample precedent rejecting such claims as a matter of law and dismiss plaintiffs' Complaint.

     Second, the <u>Durmic</u> Court's analysis of the plaintiffs' state law claims lacks meaningful explanation or analysis that can, or should, be applied to the present case.  This is especially true with respect to the plaintiffs' breach of contract claim.  First, on the issue regarding whether a HAMP trial period plan ("TPP") contains sufficient material terms to enforce a separate permanent loan modification, despite the absence of a single material term of the alleged proposed contract, the <u>Durmic</u> Court merely found that "the issue [of the material terms of the contract] is one of the parties' intent, and cannot be resolved in the context of a motion to dismiss."  See <u>Durmic</u>, at 9.  This finding is perplexing because, as argued in detail in Litton's motion to dismiss papers, a HAMP TPP does not contain sufficient material terms to support, <u>as a matter of law</u>, the enforcement of a contract for a permanent loan modification.  See Litton's Memorandum in Support of its Motion to Dismiss at 13-16 (Docket No. 17); Litton's Proposed Reply Memorandum in Support of its Motion to Dismiss at 9-12 (Docket No. 21-1).  The same is true with respect to the <u>Durmic</u> Court's finding of the existence of consideration to support an enforceable permanent loan modification – including the provision of documents, agreeing to credit counseling, and establishing escrow accounts.   The <u>Durmic</u> Court did not address the

arguments raised by Litton in the present case, particularly that those actions that plaintiffs claim constitute "consideration" are merely conditions precedent and/or conditions subsequent to the provision of the TPP and not legal consideration.

The above-discussion is meant only to highlight the fact that the <u>Durmic</u> Court's decision does not fully or adequately address all of the issues and arguments presented in Litton's motion to dismiss in the present case.  Instead, Litton respectfully submits that this Court should evaluate the pending motion to dismiss based on the specific allegations and arguments raised by the parties in this case and not based on the <u>Durmic</u> Court's decision.

Dated:  December 29, 2010                    Respectfully submitted,

                                             LITTON LOAN SERVICING LP,

                                             By its attorneys,

                                             /s/ Brian M. Forbes
                                             R. Bruce Allensworth (BBO # 015820)
                                             bruce.allensworth@klgates.com
                                             Brian M. Forbes (BBO #644787)
                                             brian.m.forbes@klgates.com
                                             Robert W. Sparkes, III (BBO #663626)
                                             robert.sparkes@klgates.com
                                             K&L GATES LLP
                                             State Street Financial Center
                                             One Lincoln Street
                                             Boston, MA  02111
                                             Phone: (617) 261-3100
                                             Fax:    (617) 261-3175

                                             *Counsel for Defendant*
                                             Litton Loan Servicing LP

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 29, 2010. The attorneys of record who will receive electronic notice of this filing are:

Gary Klein
Shennan Kavanagh
Kevin Costello
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA  02111-2810
Tel:  (617) 357-5500
Fax: (617) 357-5030

Stuart Rossman
Charles Delbaum
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, MA 02110
Tel:  (617) 542-9595
Fax: (617) 542-8010

Michael Raabe
NEIGHBORHOOD LEGAL SERVICES
170 Common Street, Suite 300
Lawrence, MA  01840
Tel:  (978) 686-6900
Fax: (978) 685-2933

                                    /s/ Brian M. Forbes
                                    Brian M. Forbes